UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

STEVEN LEO RANNOW,

    Plaintiff,

v.

MICHELLE PENK, MIKE JUNGE, and
AMY OLSON,

    Defendants.

---

Civil No. 12-156 (ADM/JJK)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Plaintiff's motion for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

The record in this case does not provide very much information about Plaintiff, or the facts and circumstances giving rise to his present lawsuit. It is clear, however, that Plaintiff has been civilly committed, because he was found to be "Mentally Ill and Dangerous," ("MI&D"), under Minnesota law. Plaintiff is currently confined at the Minnesota Security Hospital in St. Peter, Minnesota.

The caption of Plaintiff's complaint indicates that he is attempting to bring his present lawsuit under 42 U.S.C. § 1983. He is suing three named Defendants: (1) Mike Junge, who is identified as "County Attorney, McLeod County Court;" (2) Amy Olson, who

is identified as "County Attorney, McLeod;" and (3) Michelle Penk – "employment not known." (Complaint, p. 3.) The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

"Mike Junge violated amendments 1, 4, 5, 6

Amy Olson used illegal tactics and comments

Michelle Penk used slander to damage my family name."

(Id., § IV, "Statement of Claim.")

Plaintiff's complaint was accompanied by a cover letter that sheds a little more light on the background of this case. In that letter, Plaintiff states that "[t]his matter started in 1999 when I went to a furniture store in Hutchinson." The letter indicates that Plaintiff has "proof" that Defendants Junge and Olson "falsified several documents involving [his] commitment at St. Peter Regional Treatment Center," and that Defendants violated Plaintiff's rights under the First, Fourth, Fifth and Sixth Amendments to the Constitution. Most significantly, Plaintiff's cover letter plainly states: "I want to challenge my commitment of MI&D that I've been under since March 06."

**II.  DISCUSSION**

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the

named defendant(s) under some cognizable legal theory.  See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is attempting to sue the named Defendants under 42 U.S.C. § 1983 for allegedly violating his federal constitutional rights.  To state an actionable § 1983 civil rights claim, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  A civil rights claimant must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing.  Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999).  See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim against a defendant, a complaint must set forth specific factual allegations showing what that particular defendant allegedly did, or failed to do, while acting under color of state law, that purportedly violated the

plaintiff's federal constitutional rights. As explained by the Supreme Court, "a plaintiff must plead that each Government-official defendant, <u>through the official's own individual actions</u>, has violated the Constitution." <u>Iqbal</u>, 129 S.Ct. at 1948 (emphasis added).

Here, Plaintiff has failed to plead an actionable § 1983 claim, because he has not alleged any <u>facts</u> showing that any of the named Defendants did anything, or failed to do anything, that violated his constitutional rights. Indeed, Plaintiff has not described <u>any</u> specific act or omission by any of the named Defendants. For this reason alone, Plaintiff has failed to state a cause of action on which relief can be granted.

Furthermore, it clearly appears that Plaintiff is attempting to challenge the validity of his civil commitment. Although Plaintiff has not explicitly asked the Court to release him from custody, he obviously is challenging the legality of his civil commitment and his current confinement. Therefore, Plaintiff's current lawsuit is barred by the principles discussed in <u>Heck v. Humphey</u>, 512 U.S. 477 (1994).

In <u>Heck</u>, the Supreme Court re-affirmed the longstanding rule that prohibits a state detainee from challenging the legality of his confinement in a federal civil rights action. Even when a plaintiff demands only money damages, he cannot bring a non-habeas civil action that would effectively "call into question the lawfulness of [his] conviction or confinement." <u>Id</u>. at 483. <u>See</u> <u>also</u> <u>Sheldon v. Hundley</u>, 83 F.3d 231, 233 (8th Cir. 1996) ("<u>Heck</u> requires favorable termination of the [prior state court] action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

The Court recognizes, of course, that Plaintiff is not presently challenging a state

criminal conviction or sentence, and that he is confined pursuant to a civil commitment judgment, not a criminal judgment. However, the principles set forth in Heck are fully applicable to state detainees who are confined by reason of a civil commitment, rather than a prison sentence. See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (holding that Heck applies to civilly committed detainees who are confined under California's "Sexually Violent Predators Act"), cert. denied, 547 U.S. 1166 (2006); Banda v. New Jersey Special Treatment Unit Annex, 164 Fed.Appx. 286, 287 (3rd Cir.) (unpublished opinion) (Heck barred civilly committed detainee's lawsuit that challenged the legality of his commitment proceedings, "because a favorable outcome would necessarily imply the invalidity of his confinement"), cert. denied, 547 U.S. 1183 (2006); Talbot v. Loya, No. 4:03CV3400 (D.Neb. 2005), 2005 WL 2765131 at *2 ("[t]he principles and objectives expressed in Heck v. Humphrey apply as well to a person subject to an involuntary civil commitment as to a convicted prisoner serving a sentence"); Nelson v. Suire, No. 4:09CV658 DDN (E.D.Mo. 2009), 2009 WL 1161609 at *2 ("Heck applies where a civil detainee challenges an SVP ["sexually violent predator"] determination in a suit for damages"). See also Coffman v. Blake, 156 Fed.Appx. 863 (8th Cir. 2005) (unpublished opinion) (affirming dismissal of civil lawsuit brought by civilly committed offender, which included claims barred by Heck).

A judgment in Plaintiff's favor in this case would necessarily cast doubt on the legality of his confinement. The cover letter that accompanies Plaintiff's complaint indicates that Defendants "falsified several documents" in order to secure his civil commitment. This plainly shows that Plaintiff's current lawsuit is a thinly veiled attack on

the legality of his civil commitment. Indeed, Plaintiff has bluntly stated "I want to challenge my commitment of MI&D." Thus, while it may not be entirely clear exactly what Plaintiff is attempting to accomplish in this action, it is clear that he challenging the legality of his current confinement.

According to Heck, this action is premature. Plaintiff cannot maintain a civil action seeking release from custody, or any other relief that would necessarily cast doubt on the validity of his confinement, without first securing a court order specifically invalidating his civil commitment. In other words, Plaintiff must <u>successfully challenge the civil commitment itself</u>, in a legally appropriate forum and manner, (i.e., a state court action or appeal, or a federal habeas corpus action), before he can seek a civil judgment based on any allegedly wrongful acts or omissions that precipitated his civil commitment.[1] Because Plaintiff has not yet satisfied that requirement, this action is barred by Heck.[2]

For the reasons discussed above, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted. The Court will therefore recommend that

---

[1] Plaintiff's current complaint cannot be construed to be a habeas corpus petition, and entertained as such, because he has not shown that he has exhausted all available state court remedies, which he must do before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(a) and (b). See also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (before seeking federal habeas corpus relief, individuals in state custody "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

[2] If this action were not barred by Heck, it might not survive for long in any event, because it appears to be untimely. The letter accompanying Plaintiff's complaint indicates that his claims are based on events that occurred beginning in 1999 – more than twelve years ago. However, the statute of limitations for bringing § 1983 claims is six years. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 618, n. 3 (8th Cir. 1995) (statute of limitations for § 1983 claims brought in Minnesota is six years). Therefore, if this action were not Heck-barred, it likely would be time-barred.

Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:    January 23, 2012

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 8, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.