# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Steven Leo Rannow,

      Plaintiff,

    v.

Michelle Penk, Mike Junge, and Amy Olson,

      Defendants.

**ORDER**
Civil No. 12-156 ADM/JJK

_____

Steven Leo Rannow, Pro Se.

_____

    This matter is before the undersigned United States District Judge for a ruling on Plaintiff Steven Leo Rannow's ("Rannow") Objections [Docket No. 4] to Magistrate Judge Jeffrey J. Keyes' January 23, 2012 Report and Recommendation [Docket No. 3] (the "R&R").  In the R&R, Judge Keyes denied Rannow's Application to Proceed In Forma Pauperis [Docket No. 2] (the "IFP Application") and recommended dismissing this action.  Judge Keyes reasoned that Rannow's action, premised on 42 U.S.C. § 1983 and challenging his civil commitment under Minnesota law, cannot proceed until the validity of Rannow's commitment has been successfully challenged through appropriate avenues.

    After a de novo review of the record, the Court overrules Rannow's Objections and adopts the R&R.  In the "cover sheet" to his Complaint, Rannow avers "I want to challenge my commitment of MI&D [Mentally Ill and Dangerous] . . . . I'm seeking injunctive relief and money damages . . . ."  Compl. [Docket No. 1], Att. 1.  Rannow asserts his claims under 42 U.S.C. § 1983.  Compl. at 1.  Section 1983 cannot be used to challenge the fact or duration of confinement.  Preiser v. Rodriguez, 411 U.S. 475, 489–90 (1973); see also Heck v. Humphrey,

512 U.S. 477, 486–87 (1994) (holding that plaintiff in § 1983 action to recover damages for

unconstitutional conviction or imprisonment must first prove conviction or sentence has been

reversed on direct appeal, expunged by executive order, declared invalid, or called into question

by federal court's issuance of a writ of habeas corpus).  This result is not altered because

Rannow is confined under a civil commitment rather than criminal conviction.  See Huftile v.

Miccio-Fonseca, 410 F.3d 1136, 1139–40 (9th Cir. 2005) (ruling Heck applies to those civil

commitments under California's Sexually Violent Predators Act); see also Carter v. Bickhaus,

142 Fed. App'x 937, 938 (8th Cir. 2005) (noting that dismissal of complaint was proper under

Heck where defendant was civilly committed after pleading not guilty by reason of insanity to

state criminal charges).  Therefore, the R&R is adopted and Rannow's Complaint is dismissed.

The dismissal is without prejudice.  See Carter, 142 Fed. App'x at 938.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.   Judge Keyes' Report and Recommendation [Docket No. 3] is **ADOPTED**;

2.   The IFP Application [Docket No. 2] is **DENIED**; and

3.   The Complaint [Docket No. 1] is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 24, 2012.